WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br>v.<br>Mallick Diamond Joaquin,<br>    Defendant. | CR-25-00814-TUC-RM (MAA)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is Defendant's Motion to Dismiss Indictment. Doc. 40. The government filed a Response. Doc. 41. A hearing was held on September 2, 2025. Doc. 47. Defendant was present with counsel. *Id*. The court heard arguments, but no testimony was taken. *Id*.

Defendant is charged by indictment with violating 18 U.S.C. §§ 922(g)(1) and 924(a)(8), possession of a firearm by a prohibited person. Doc. 19. The indictment alleges that Defendant is a prohibited person because "he had been previously *convicted of a crime* punishable by imprisonment for a term exceeding one year. ..." Doc. 19 (emphasis added). A forfeiture allegation is also charged. Doc. 19.

Defendant argues that the indictment must be dismissed because his prior *juvenile adjudication* as delinquent for the offense of Third-Degree Burglary of a Non-Residential Structure in violation of A.R.S. s 13-1506(A), a Class Four Felony, is not a criminal conviction. Doc. 40. At the hearing, Defendant withdrew the other grounds for dismissal discussed in his motion, and the Court does not address those other grounds. Doc. 47.

Discussion

"Federal Rule of Criminal Procedure 12(b) allows a defendant to file a pretrial motion to dismiss an indictment for failure to state an offense if the motion can be determined without a trial on the merits." *United States v. Kelly*, 874 F.3d 1037, 1046–47 (9th Cir. 2017). "A motion to dismiss is generally capable of determination before trial if it involves questions of law rather than fact." *Id*. "In determining whether an indictment charges a cognizable offense, [the court is] bound by the four corners of the indictment, must accept the truth of the allegations in the indictment, and cannot consider evidence that does not appear on the face of the indictment." *Id*. The issue here is whether Defendant's juvenile adjudication in Arizona qualifies as a predicate "criminal conviction" for the offense charged.

"Congress . . . provided the following direction: What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." *United States v. Mendez*, 765 F.3d 950, 952 (9th Cir. 2014) (punctuation modified) (citing 18 U.S.C. § 921(a)(20)). "Congress thus chose not to provide a uniform answer, as a matter of federal law, to the question whether a juvenile offense constitutes a 'conviction' of a 'crime.'" *Id*. "We must look instead to state law to determine whether [Defendant's] juvenile adjudication may serve as the predicate for his prosecution under § 922(g)(1)." *Id*.

In *Mendez*, the court considered whether a Washington state juvenile adjudication could serve as a predicate offense for purposes of 18 U.S.C. § 922(g)(1). The court considered first whether there is "a general rule barring the treatment of juvenile adjudications as 'convictions' of 'crimes.'" *Id*. at 953. The court observed that under Washington law, RCW § 13.04.240, "[a]n order of court adjudging a child a juvenile offender or dependent . . . shall in no case be deemed a conviction of crime." *Id*. at 952 (quoting RCW § 13.04.240). Under Washington law, however, the rule applies only when "the defendant is still within the juvenile justice system." *Id*. After the individual reaches adulthood, the *Mendez* court found, that statute "has no effect and juvenile adjudications

- 2 -

may therefore be treated as convictions of crimes." *Id*. The *Mendez* court noted that "[o]nce an individual becomes an adult, Washington law also allows juvenile adjudications to be used as predicate offenses for certain crimes" such as "unlawful possession of firearms . . . Washington's state-law analogue to 18 U.S.C. § 922(g)(1)." *Id*. at 953. The *Mendez* court concluded that "Washington law treats juvenile adjudications as convictions once a defendant enters the adult criminal justice system" and the defendant's "juvenile adjudication constitutes a 'conviction' of 'a crime punishable by imprisonment for a term exceeding one year'" pursuant to 18 U.S.C. §§ 921(a)(20) and 922(g)(1). *Id*.

In Arizona, similar to Washington, the rule is that "an order of the juvenile court . . . shall not be deemed a conviction of crime, impose any civil disabilities ordinarily resulting from a conviction or operate to disqualify the juvenile in any civil service application or appointment." A.R.S. § 8-207A. Unlike Washington, however, it appears Arizona's proscription on treating juvenile adjudications as crimes remains in force even after the defendant has left the juvenile system. *See In re Casey G*., 223 Ariz. 519, 224 P.3d 1016 (Ct. App. 2010) (analyzing A.R.S. § 8-207A and finding juvenile delinquency adjudication could not be used as a predicate conviction when juvenile becomes an adult).

The Arizona statute does carve out exceptions for "§ 13-904, subsection H [firearm possession], § 13-2921.01 [aggravated harassment], § 17-340 [game license] or §§ 28-3304, 28-3306 and 28-3320 [driver's license]." In each case, however, the pertinent statute explains that a person with a "delinquency adjudication" should be treated like a person with a "criminal conviction." *See In re Casey G.,* 223 Ariz. at 521, 224 P.3d at 1018 (collecting statutes that treat a delinquency adjudication like a felony conviction). This careful draftsmanship indicates the Arizona legislature recognizes the difference between a delinquency adjudication and a criminal conviction and knows that it must give explicit instructions when it wants those two things to be treated alike. *See id*. at 520, 1017 ("[A] delinquency adjudication is not the same as a criminal conviction; the two are qualitatively different."). These are exceptions that prove the rule. *See United States v. Walters*, 359 F.3d 340, 346 (4th Cir. 2004) ("That an adjudication is treated *as* a conviction in specific

circumstances implies that it is not so treated as a general rule.") (emphasis in original).

Arizona's analogue to the felon-in-possession statute at issue here treats a juvenile adjudication in a similar fashion as a criminal conviction. A.R.S. § 13-904(H). It does so by stating that "[a] person who is adjudicated delinquent . . . for a felony does not have the right to carry or possess a firearm." A.R.S. § 13-904(H). The statute mandates a legal disability without equating a juvenile adjudication with a criminal conviction. The statutory scheme supports the general rule that a juvenile adjudication is not the same as a criminal conviction. A juvenile adjudication and a criminal conviction might lead to the same result, but they are not the same *See, e.g., In re Casey G.*, 223 Ariz. at 520, 224 P.3d at 1017 ("no court could ever find that, as a result of the present adjudication of delinquency, Casey has previously been convicted of [predicate offense]") (punctuation modified); *United States v. Logan*, 772 F. Supp. 3d 1070, 1072-73 (D. N.D. 2025) ("Because North Dakota does not treat juvenile adjudications as convictions as a general rule, Logan's juvenile adjudications cannot serve as predicates for § 922(g)(1).").

The government argues that, under Arizona law, juvenile adjudications may be used in determining whether to place a defendant on probation, whether to impose other than a presumptive sentence, and whether to impose consecutive or concurrent sentences. The government cites *State v. Levitt*, 155 Ariz. 446, 747 P.2d 607 (Ct. App. 1987) and *State v. Johnson*, 165 Ariz. 555, 799 P.2d 896 (Ct. App. 1990). Neither case, however, holds or implies that a juvenile adjudication may be used as a predicate conviction as prohibited in A.R.S. 8-207(A). The cases are therefore distinguishable.

//
//
//
//
//
//
//

<u>Recommendation</u>

For the foregoing reasons, it is recommended that, after its independent review of the record, the District Judge GRANT the Motion to Dismiss. Doc. 40.

The parties may serve and file written objections within 14 days. If objections are not timely filed, the party's right to de novo review may be waived. No reply to objections shall be filed unless leave is granted from the District Court.

Dated this 16th day of September, 2025.

Honorable Michael A. Ambri
United States Magistrate Judge